**2016 UT App 111**

# THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
LEANDRO REY GARCIA,
Appellant.

Memorandum Decision
No. 20140507-CA
Filed May 26, 2016

Third District Court, Salt Lake Department
The Honorable James T. Blanch
No. 131909107

Joel J. Kittrell and Kristina H. Ruedas, Attorneys
for Appellant

Sean D. Reyes and Lindsey L. Wheeler, Attorneys
for Appellee

SENIOR JUDGE RUSSELL W. BENCH authored this Memorandum
Decision, in which JUDGES J. FREDERIC VOROS JR. and STEPHEN L.
ROTH concurred.[1]

BENCH, Senior Judge:

¶1 Leandro Rey Garcia appeals his conviction of robbery, a
second-degree felony. We affirm.

¶2 Garcia first argues that the evidence presented at trial was
insufficient for the jury to convict him of robbery. Because this
issue is unpreserved, Garcia requests that we consider it on
grounds of plain error and ineffective assistance of counsel.

---

1. Senior Judge Russell W. Bench sat by special assignment as
authorized by law. *See generally* Utah R. Jud. Admin. 11-201(6).

Garcia cannot prevail on the ground of plain error without first demonstrating that an error exists. *State v. King*, 2006 UT 3, ¶ 21, 131 P.3d 202. Similarly, he cannot prevail on the ground of ineffective assistance based on counsel's failure to make a futile motion or objection. *See State v. Kelley*, 2000 UT 41, ¶ 26, 1 P.3d 546. Because we determine that Garcia's conviction was supported by sufficient evidence, Garcia cannot prevail on either ground.

¶3     A jury verdict will be set aside for insufficient evidence "only when the evidence is sufficiently inconclusive or inherently improbable that reasonable minds must have entertained a reasonable doubt that the defendant committed the crime of which he was convicted." *State v. Shumway*, 2002 UT 124, ¶ 15, 63 P.3d 94.

> A person commits robbery if . . . the person unlawfully and intentionally takes or attempts to take personal property in the possession of another from his person, or immediate presence, against his will, by means of force or fear, and with a purpose or intent to deprive the person permanently or temporarily of the personal property . . . .

Utah Code Ann. § 76-6-301 (LexisNexis 2012).

¶4     The victim testified that she was walking down the street at approximately 2:00 a.m. when Garcia began yelling at her from across the street, saying, "Hey, sexy mama" and "Hey, I'm talking." The victim ignored Garcia and began walking faster. Soon after, the victim heard someone running behind her. The victim turned around to see who was running and made eye contact with Garcia, who "stopped and stood there and stared at [her]." The victim began walking quickly toward a nearby 7-Eleven, but before she could get there, Garcia grabbed the strap of her purse and pulled her around to face him. When the victim turned around, she shoved Garcia away from her and told him

not to touch her. Garcia responded by threatening her with a statement along the lines of "I will kick your ass." The victim turned away, went "as fast as [she] could . . . to the 7-Eleven," and called 911. Garcia did not pursue her further or offer her any explanation for his behavior.

¶5      When confronted by police, Garcia attempted to explain his behavior by asserting that when he saw the victim from across the street, he mistakenly believed she was his cousin. He claimed that when she ignored him, he thought she must have been wearing headphones and could not hear him, so he ran up behind her and tapped her on the shoulder to get her attention.

¶6      The victim's testimony was sufficient to support the jury's finding of the elements of robbery beyond a reasonable doubt, even in light of Garcia's defense. Her testimony contradicted Garcia's claim because she testified that she turned and made eye contact with Garcia and that he stopped and stared at her before he grabbed her purse. If the jury believed the victim, then Garcia's defense would not have raised a reasonable doubt as to his intent. The jury could infer from Garcia's behavior in grabbing a stranger's purse that he intended to deprive her of it. Thus, the evidence was sufficient to support the jury's verdict.

¶7      Garcia next argues that his counsel performed ineffectively by failing to object to the jury instructions on the ground that they did not include an adequate definition of the mental state required for a robbery conviction. To prevail on the ground of ineffective assistance, a defendant must demonstrate, first, "that counsel's performance was deficient, in that it fell below an objective standard of reasonable professional judgment" and, second, "that counsel's deficient performance was prejudicial—i.e., that it affected the outcome of the case." *State v. Litherland*, 2000 UT 76, ¶ 19, 12 P.3d 92 (citing *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984)). Because we conclude that further instruction on mental state was unnecessary in the

context of this case, Garcia cannot demonstrate that he received ineffective assistance of counsel.

¶8    Garcia asserts that a more specific definition of "intentionally," distinguishing between intentionally engaging in conduct and intentionally causing a result, was necessary in order for the jury to have "a complete understanding of the applicable law governing the charge of Robbery." He maintains that a more specific definition "would have clarified to the jury that it could only convict Mr. Garcia if it found that his 'conscious objective or desire,' beyond a reasonable doubt, was to deprive [the victim] of her purse."

¶9    But the jury instructions, as written, did not present any possibility of confusing the jury on this point. The jury instruction on robbery mirrored the language of the statute. Utah Code Ann. § 76-6-301(1)(a) (LexisNexis 2012). Specifically, it required the jury to find both that Garcia "intentionally [took] or attempt[ed] to take" the purse and that he did so "with a purpose or intent to deprive" the victim of the purse. *See id.* In other words, the jury instructions indicated that Garcia must have both intentionally engaged in conduct—taking or attempting to take the purse—and intended a result—that the victim be deprived of her purse. Providing a more detailed instruction on the definition of "intentionally" would have given the jury no additional clarity; the instructions, as written, clearly required the jury to find that Garcia acted "with a purpose or intent to deprive" the victim of her purse.

¶10    We conclude that the trial court did not plainly err in failing to direct a verdict for Garcia. We further conclude that Garcia's counsel did not perform ineffectively by failing to object to the sufficiency of the evidence or to the jury instructions. Accordingly, we affirm.

———————